**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Edgar Guadalupe Morales Hernandez,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-02990-PHX-KML (JZB)

**ORDER**

In April 2026, petitioner Edgard Guadalupe Morales Hernandez filed a petition for a writ of habeas corpus. (Doc. 1.) That petition sought either release or an order requiring another bond hearing. (Doc. 1 at 11.) Petitioner had been denied bond at an earlier hearing after the Immigration Judge determined he had "[n]o jurisdiction" to grant bond. (Doc. 9-4 at 2.) Among other arguments in their response to the petition, respondents argued petitioner was properly classified as subject to mandatory detention but conceded he "appears to be a member of the Bond Eligible Class" in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] (Doc. 9 at 3-6, 9.) At the end of their response, respondents stated they oppose the request for immediate release or a bond hearing, but they "request that any order granting Petitioner relief direct the

---

[1] The Court is aware the Ninth Circuit Court of Appeals has stayed some orders in *Bautista*, in part, pending resolution of the appeal challenging the district court's class certification order and final judgment. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026). The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

Respondents to provide a bond redetermination hearing within fourteen (14) days or release Petitioner from custody under the same conditions that existed before detention." (Doc. 9 at 9.)

Respondents may have conceded petitioner is entitled to relief in the form of a bond hearing, provided the court allows for at least fourteen days to conduct that hearing. But even if respondents did not concede, petitioner has shown he was not "seeking admission" such that he is subject to mandatory detention under § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, 175 F. 4th 61 (2d Cir. 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). In these circumstances, the court grants the petition to the extent respondents must provide a bond hearing at which the Immigration Judge resolves the request on its merits.

Accordingly,

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is granted to the extent it seeks a bond hearing.

2. Respondents must provide petitioner a bond hearing within fourteen days or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within three days of releasing petitioner or providing him a bond hearing. That notice must include the result of the bond hearing.

4. The clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 8th day of July, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -